UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KENNETH ALLEN WASHINGTON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-516-GSL-AZ |
| CALVARAL, VANGODY, | |
| Defendants. | |

OPINION AND ORDER

Kenneth Allen Washington, a prisoner without a lawyer, filed an amended complaint, ECF 9, which the court must screen pursuant to 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Washington is proceeding without counsel, his allegations must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, a plaintiff can plead himself out of court if he alleges facts that preclude relief. *See, e.g., Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Sometime between June 1, 2025, and July 31, 2025,[1] Washington alleges he attended a virtual court hearing at the St. Joseph County Jail where he was housed in segregation. After the hearing, he returned to his cell and ate dinner. He claims the "food smelled bad," but he "wasn't for sure" and thought it might just be "the way the powder[ed] meat smelled from Armark (sic)." ECF 9 at 2. Later, during his recreation time, Washington began to feel sick to his stomach. He returned to his cell, and about an hour later began to vomit on the floor. His cell mate pushed the emergency call button, and a deputy and a female nurse came to evaluate him. The nurse took his vitals and blood pressure, gave him "some medicine," asked him questions about his condition, and told him to push the emergency call button if he felt worse and/or threw up again. *Id*. at 3. Washington tried to "sleep it away," but sometime before 3:00 A.M. the next morning, he threw up for the second time. *Id*. His cell mate pushed the emergency button, and three deputies—Deputy Vangody, Deputy Calvaral, and Deputy Robinson—arrived with Nurse Teresa. Deputy Vangody and Deputy Calvaral were "very indifferent" and made him cuff up behind his back. *Id*. at 3. Nurse Teresa wasn't able to get a "proper read" on his vitals because of the handcuffs. *Id*. at 4. She told the officers she wanted to take him to medical to check his vitals, but the officers refused and took Washington back to his cell instead. Washington claims his stomach hurt, he was dehydrated from throwing up twice, and he felt "defenseless." *Id*. Deputy Vangody and Deputy Calvaral cleaned up the vomit and then approached Washington as he was

---

[1] As will be discussed in more detail below, there is a discrepancy regarding the dates that Washington will need to clarify.

sitting on the floor. Washington claims they "started aggressively yanking, pulling, and grabbing me, choking me back into GPod 213 which caused a lot of pain to my neck and shoulder." *Id*. He remained sick for a "week or two" and was given "medications." *Id*. He also claims he had "neck and shoulder pain for a very long time" for which he was "prescribed medications." *Id*. He has sued Deputy Vangody and Deputy Calvaral for monetary damages.

These are several problems with Washington's amended complaint. To begin, Washington must clarify when these events occurred to address any potential statute of limitations issues.[2] He filed his original complaint (ECF 2) about these same events on June 16, 2025, so it is impossible the events he is suing about occurred *after* that time—namely, between June 17, 2025, to July 31, 2025—as he alleges in his amended complaint.[3] Additionally, both his original and amended complaint list his current address as St. Joseph County Jail, and the box is checked indicating the events at issue happened there. ECF 2 at 1 & ECF 9 at 1. However, Washington sent his original complaint from the Putnamville Correctional Facility, where he was incarcerated on June 16, 2025 (*see* ECF 10), and he has since been transferred to the Wabash Valley Correctional Facility. *See* ECF 16. Therefore, his statements that he was at the St. Joseph County Jail when he filed both his original and amended complaints are demonstrably

---

[2] Although the statute of limitations is an affirmative defense, dismissal is appropriate when the complaint makes it clear that the claims are time barred. *See, e.g., Cancer Foundation, Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009).

[3] In his original complaint, he states the events at issue happened, "[o]ne day in June of 2023 or between July 1, 2023 through July 31, 2025." ECF 2 at 2. This time period is impermissibly vague.

3

false. Washington has twice "declare[d] **under penalty of perjury** that the statements in this complaint are true." ECF 2 at 6 & ECF 9 at 5 (emphasis in original). It is malicious to file a complaint making false claims under penalty of perjury. Nevertheless, he will be granted leave to file a second amended complaint with accurate statements about dates, locations, and all other factual allegations.

Moreover, his amended complaint doesn't state any plausible claims. According to Washington, he was a pretrial detainee at the time of the events, so his claims must be analyzed under the Fourteenth Amendment. *See generally Miranda v. Cty. of Lake*, 900 F.3d 335 (7th Cir. 2018). As such, he is entitled to constitutionally adequate medical care for his serious medical needs, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to an inmate's health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). "An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (internal quotation marks and citation omitted).

Here, Washington hasn't identified an objectively serious medical need. He claims his stomach hurt after eating dinner and that he threw up twice over the next several hours. He experienced weakness and fatigue during the two vomiting incidents. He claims he remained sick for about a week or two, but he doesn't describe any further symptoms. He admits he was given some kind of medication, but he doesn't say what. At best, these allegations depict mild, transitory food poisoning or the ordinary stomach

flu—either way, they don't constitute a serious medical need under the Fourteenth Amendment, so Washington hasn't stated a plausible claim related to them. *See, e.g., Wheeler v. Walker*, 303 Fed. Appx. 365, 368 (7th Cir. 2008) ("The symptoms that [the plaintiff] describes—two weeks of coughing, sneezing, and a runny nose—resemble a common cold, an illness that we have said does not raise a serious medical need.") (citing *Gutierrez*, 111 F.3d at 1372) ("All of this is not to say, however, that every ache and pain or medically recognized condition involving some discomfort can support [a constitutional] claim, for clearly that is not the case.")).

At the end of his amended complaint, Washington alleges the officers forced him back into his cell which caused pain to his neck and shoulder. He states he had "neck and shoulder pain for a very long time" for which he was "prescribed medications," but he doesn't provide any additional details about his injuries or subsequent medical care. These vague allegations don't state a plausible claim either. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

To the extent Washington is attempting to assert an excessive force claim based on the single sentence at the end of his amended complaint stating the officers "started aggressively yanking, pulling, and grabbing me, choking me back into my cell," these vague allegations are insufficient. A pretrial detainee states a valid Fourteenth Amendment excessive force claim by alleging: (1) the defendant "intended to commit the physical act that caused the alleged injury" and (2) the use of force was objectively unreasonable. *Pittman*, 108 F.4th at 570 (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 395–97 (2015)). As to the first prong, negligent acts cannot lead to liability. *Id.*; *see also Miranda*, 900 F.3d at 353 ("[N]egligent conduct does not offend the Due Process Clause[,]" and allegations of negligence, even gross negligence, do not suffice.). With regard to the second prong, "[a] jail official's response . . . is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley*, 576 U.S. at 398). In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Such factors include the relationship between the need for force and the amount of force used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Kingsley*, 576 U.S. at 397. "[N]ot every use of force is a punishment: 'Once the Government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention.'" *Husnik v. Engles*, 495 Fed. Appx. 719, 721 (7th Cir. 2012) (quoting *Bell*, 441 U.S. at 537).

6

Here, Washington doesn't adequately explain the events that unfolded as he was being placed back into his cell. He doesn't describe what led up to the officers' use of force, what happened during it, how he responded, how he was allegedly injured, or what type of specific medical care he received afterwards. Based on his vague allegations, the court cannot conclude he has stated a plausible claim. *See, e.g. Graham v. Connor*, 490 U.S. 386, 396 (1989) (applying the Fourth Amendment's objective reasonableness standard and noting that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the [Constitution].") (internal quotation marks and citation omitted); *Jones v. Walker*, 358 Fed. Appx. 708, 713 (7th Cir. 2009) ("A single shove that results in bruising is de minimis force that will not support a claim of excessive force."); *see also Twombly*, 550 U.S. at 570 (A complaint must contain sufficient factual matter to "state a claim that is plausible on its face."); *Swanson*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that *something* has happened to her that might be redressed by the law.") (emphasis in original).

This amended complaint does not state a claim for which relief can be granted. If Washington believes he can state a claim based on (**and consistent with**) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available

7

from his law library. He needs to write the word "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly the form. He must clarify where and when the events at issue occurred, where he is currently located, why he believes he has been harmed, and who harmed him. He must declare **under penalty of perjury** that the statements in his second amended complaint are true.

For these reasons, the court:

(1) GRANTS Kenneth Allen Washington until **January 12, 2026**, to file a second amended complaint;

(2) REMINDS Kenneth Allen Washington that it is malicious to file a complaint that makes false claims under penalty of perjury and CAUTIONS him that he may be subject to sanctions for any false claims;

(3) DENIES the motions for a docket sheet as unnecessary (ECFs 21–24);[4]

(4) DIRECTS the clerk to send Kenneth Allen Washington an updated docket sheet; and

(5) CAUTIONS Kenneth Allen Washington if he does not respond as described above by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

---

[4] As Washington was advised several times in his previous case, "if he is simply requesting a docket sheet from the clerk, he may send the clerk a letter directly." ECF 109 (quoting ECF 104 at 1, n.1). He need not—and indeed should not—file a motion to request a docket sheet. Therefore, the motion will be denied. If he still feels he needs an updated docket sheet, he can send the clerk a letter requesting one. That letter should contain no other requests." *Washington v. Rayl*, cause no. 3:20-CV-461-DRL-MGG (N.D. Ind. June 8, 2020), at ECF 226.

SO ORDERED on December 10, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT